UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HYSTER-YALE GROUP, INC., | ) | CASE NO. 17CV2341 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| CONTINENTAL INSURANCE | ) | MEMORANDUM OPINION |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on a Motion to Intervene filed by Eaton Corporation ("Eaton"), ECF #18, and a Motion to Dismiss filed by Defendant, Continental Insurance Company ("Continental"), ECF #16. Plaintiff, Hyster-Yale Group ("Hyster-Yale"), filed a Consolidated Opposition to the Motion to Intervene and Motion to Dismiss. (ECF #30). Reply Memorandum in Support were filed by Eaton (ECF #31) and Continental (ECF #32). Therefore, the issues are fully briefed and ripe for review.

For the reasons set forth herein, Eaton's Motion to Intervene is GRANTED and Continental's Motion to Dismiss is GRANTED.

I.  Factual and Procedural Background

On November 7, 2017, Hyster-Yale filed a civil action against Continental for breach of contract, declaratory judgment and bad faith as it relates to an insurance coverage dispute for asbestos-related claims against Hyster-Yale. (ECF #1). Hyster-Yale is the successor by merger to Yale Materials Handling Corporation, which was the successor to certain assets and liabilities

1

of Eaton's Industrial Truck Division pursuant to an asset-purchase agreement ("Agreement")[1] dated December 31, 1983. (See ECF #1, ¶ 2). This Court obtained diversity jurisdiction over the matter because Hyster-Yale is a Delaware corporation with its principal place of business in Ohio, and Continental is a Pennsylvania corporation with its principal place of business in Illinois. (See ECF #1, ¶¶ 7-9).

II. Analysis

Eaton seeks to intervene as a matter of right as a party to this litigation, claiming that the request is timely, it has a substantial interest in the case, its ability to protect its interests would be impaired without intervention, and that there is inadequate representation of its interests by the parties already before the court. (See ECF #18, pp. 8-11; *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).[2] Eaton is an Ohio corporation with its principal place of business is in Ohio. Therefore, Eaton argues that upon its intervention in this matter, this Court will be "deprived of subject matter jurisdiction on the basis of diversity of citizenship." (ECF #18, p. 12).

This Court agrees that Eaton is entitled to intervene as a matter of right as a party in this matter. First, the Motion to Intervene is timely, as it was filed within the initial stage of the lawsuit, and before discovery began. See *Michigan State AFL-CIO*, 103 F.3d at 240. Furthermore, Eaton has a substantial legal interest regarding Hyster-Yale's claim for insurance coverage relating to the insurance policies issued. *Id.* Eaton also has a substantial legal interest as the indemnitor for Continental relating to other claims of coverage. Finally, neither of the

---

[1] The Agreement consists of an Asset Acquisition Agreement and a Litigation Agreement entered into by Yale and Eaton in 1983. (See ECF #19-5; ECF #20-1).
[2] Continental indicated that it joins in the legal arguments Eaton has made in its Motions to Intervene. (See ECF #32).

current parties are able to adequately represent or protect Eaton's interests in this litigation, as they have different, and sometimes adverse, interests from that of Eaton. *See Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991)(*citation omitted*). For these reasons, Eaton's Motion to Intervene (ECF #18) is GRANTED.

Allowing Eaton to intervene as a party herein divests this Court of subject matter jurisdiction on the basis of diversity of citizenship. See 28 U.S.C. § 1332(c)(1). Therefore, this Court *sua sponte* dismisses this matter and it will proceed as filed, *Eaton Corporation, et al., v. Hyster-Yale Group, Inc.*, pending in the Cuyahoga County Court of Common Pleas, Case No. CV-18-891258 before the Honorable Nancy A. Fuerst.

While this ruling renders Continental's Motion to Dismiss moot, a brief analysis of Continental's arguments further supports the dismissal. Continental argues that Hyster-Yale "improperly sued Continental …to resolve disputes it has with another company, Eaton Corporation," and that the allegations in the Complaint "concern obligations that are actually Eaton's obligations," as set forth within the Agreement. (ECF #16-1). Continental further provides that it was not a party to either document within that Agreement. (*See Id.*).[3] The fact that Continental failed to join Eaton, an indispensable party in this matter, supports the dismissal of this case, and therefore, Continental's Motion to Dismiss is GRANTED. *See Carter v. Deutsche Bank Nat'l Trust Co.*, 2017 WL 4740570 (6th Cir. Aug. 30, 2017).

III.  Conclusion

For the reasons set forth herein, Eaton's Motion to Intervene (ECF #18) is GRANTED and Continental's Motion to Dismiss (ECF #16) is GRANTED.

---

[3] Continental's additional arguments relating to insurance policies it issued to Yale after 1983 will not be addressed herein, as they are issues currently pending in litigation. See *Eaton Corporation, et al., v. Hyster-Yale Group, Inc.*, Cuyahoga County Court of Common Please, Case No. CV-18-891258.

3

Therefore, this matter is DISMISSED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 2, 2018